CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
August 22, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID MEYERS, ) | |
|     Plaintiff, ) | Civil Action No. 7:24-cv-00450 |
| ) | |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| R. TEIGUE, *et al.*, ) |     Chief United States District Judge |
|     Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiff David Meyers, a Virginia prisoner proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. (Compl., Dkt. No. 1.) Meyers has not paid the filing fee.

Based on court records, it is clear that at least three of Meyers' previous actions or appeals have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.[1] Put differently, plaintiff has at least three prior "strikes" under 28 U.S.C. § 1915(g). Because of this, even if plaintiff could prove indigence, Meyers may not proceed with this case unless he either prepays the entire filing fee—which he has not done—or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  His complaint, however, fails to plausibly allege any imminent danger of serious physical injury.  For this reason, the court will dismiss the complaint in its entirety.

Plaintiff's complaint alleges an Eighth Amendment failure to protect claim. He asserts that on July 1, 2024, defendants stated that he "must have a cellmate . . . to kill me; and daily rape." (Compl. 2.) He claims that he should be placed in protective custody.  Plaintiff also

---

[1] The following three cases all were dismissed, pursuant to 28 U.S.C. § 1915A(b)(1), as frivolous or for failure to state a claim: *Meyers v. United States Dist. Ct.*, 7:18-cv-472 (W.D. Va. Nov. 2, 2018); *Meyers v. United States Dist. Ct.*, 7:18-cv-474 (W.D. Va. Nov. 2, 2018); *Meyers v. Clarke*, 7:18-cv-435 (W.D. Va. Sept. 7, 2018). Meyers is also subject to a pre-filing injunction, *see* Case No. 7:19-cv-573 (W.D. Va.), but the court finds that the instant complaint complies with the requirements of that order pertaining to formatting and abusive language.

alleges claims based on the collection of money from his trust account and access to education programs. (*Id.*) He seeks one million dollars in damages and a court order to be assigned to a VADOC Eastern Region Protective Custody Unit Facility.

Notably, Meyers' complaint does not contain any plausible allegations to support a conclusion that he is in imminent danger of serious physical injury. For the "imminent danger" exception of § 1915(g) to apply, "an inmate must make 'specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006) (quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)). "[T]he imminent danger 'must exist at the time the complaint . . . is filed, not when the alleged wrongdoing occurred.'" *Meyers v. Clarke*, 767 F. App'x 437, 439 (4th Cir. 2019) (quoting *Martin*, 319 F.3d at 1050). "Congress intended that a three-strikes prisoner have opportunity to ask the court for its aid in addressing a danger that is close at hand, not a past infraction." *Meyers v. Comm'r of Soc. Sec. Admin.*, 801 F. App'x 90, 96 (4th Cir. 2020); *see also Johnson*, 200 F. App'x at 272 (explaining that the imminent danger exception focuses on the possibility of "continuing or future injury, not whether the inmate deserves a remedy for past misconduct"). While Meyers claims that defendants collectively threatened that he should be placed in a cell with an inmate who will cause him harm, plaintiff has failed to make specific fact allegations of ongoing serious physical injury, or of a pattern of conduct to suggest the likelihood of imminent serious physical injury. Plaintiff does not specify which defendant made the alleged threat to him or identified an inmate that would harm him or is harming him.

As Meyers has neither prepaid the filing fee nor demonstrated that he is "under imminent danger of serious physical injury," the court will dismiss his complaint without prejudice

pursuant to 28 U.S.C. § 1915(g).  An appropriate order will be entered.

    Entered: August 22, 2024.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge